**HEATHERLY et al. v. SUN INS. OFFICE, Limited.**

Civ. A. No. 1319.

United States District Court
E. D. Tennessee, N. D.

Sept. 4, 1951.

Joe M. Agee, La Follette, Tenn., Howard H. Baker, Huntsville, Tenn., Smith & Smith, Knoxville, Tenn., for plaintiffs.

Jennings, O'Neil & Jarvis, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This case was tried to the Court on oral testimony. At the conclusion of the proof the Court, from the bench, rendered an opinion which has been transcribed and filed as a part of the record. Decision was reserved on two questions and counsel requested to brief both as to the facts and the law. The first question reserved is whether plaintiffs knew the company in which the policy was to be written before the fire occurred. The second question is whether it was necessary for plaintiffs to have known the company in which the policy was to be written in order to make the insurance contract valid. These points have been thoroughly briefed by counsel on each side. The testimony of H. W. Heatherly, John W. Dyche and W. D. Swift has been transcribed and examined by the Court.

As a result of several contacts between Heatherly and Dyche, Heatherly made oral application for $11,000.00 of fire insurance, gave necessary data to Dyche, who had previously stated that he could write $11,-000.00 on the property involved. Dyche figured the premium, was asked by Heatherly to write the $11,000.00 insurance, and as a result of the negotiations Dyche told Heatherly in their conference on the afternoon of February 11, 1949, "You are covered for $11,000.00." The contemplated policy was not written immediately for the reason that the conversation on February 11th was concluded around four o'clock in the afternoon and Dyche, wishing to leave for Frankfort, Kentucky, did not then have time to write the policy. Dyche made notes from the data furnished by Heatherly, including the amount of premium on the policy, attached them to a blank insurance form removed by him from a pad, and put them in a folder. At that time Dyche intended to write the policy in the Sun Insurance Office. Information as to Dyche's intention to write the policy in the Sun Insurance Office was not conveyed to Heatherly, and Heatherly did not find out about it until after the fire. For some reason, which is not clear, Dyche later thought of putting the coverage on a co-insurance basis, but this was contingent, among other things, on the approval of Heatherly and never superseded the original intention of Dyche to write the insurance entirely in the Sun Insurance Office.

■ Tennessee recognizes that a binding contract of insurance may be effected orally. This is, however, limited to contracts of an interim character. Continental Insurance Company v. Schulman, 140 Tenn. 481, 205 S.W. 315; Insurance Company of North America v. Banker, 9 Tenn.App. 622.

■ This contract was of the kind that is recognized by the Tennessee Courts. It is also in accord with insurance practices in the territory of this particular transaction.

■ While Heatherly was not advised in which company Dyche intended to write the insurance, it was not necessary that he be informed of that intention. Aetna Insurance Company of Hartford, Conn., v. Licking Valley Milling Co., 6 Cir., 19 F.2d 177; Lumbermen's Mutual Insurance Co. v. Slide Rule & Scale Engineering Co., 7 Cir., 177 F.2d 305, 309. In the case last referred to the Court said: "It is said that the parties' minds did not meet upon the names of the companies to be bound. We think this wholly immaterial under the facts and circumstances of record. When the agent represents several companies and selects certain of them to be bound by the risk, he is contracting for undisclosed principals. Each of the companies he represents has intrusted him with the agency, and must be held to have given him authority as such agent to select it as the one to bear the risk. Such authority springs inevitably from his authority to make insurance contracts. The insured can not be permitted to suffer because the agent fails to disclose at the time of making the contract which of several principals he binds. Aetna Insurance Company of Hartford, Conn., v. Licking Valley Milling Co., 6 Cir., 19 F.2d 177 * * *."

■ Some of the Federal Circuits hold contra. Gandelman v. Mercantile Insurance Co. of America, 9 Cir., 187 F.2d 654. Here the agent Dyche intended to write the insurance in the Sun Insurance Office. Apparently the Tennessee appellate courts have not had this identical question before them, and since they have not passed on the point, this Court's authority is the law as written by the Sixth Circuit and as above referred to.

Plaintiffs accordingly are entitled to a judgment on the basis set out in the opinion of the Court rendered at the conclusion of the trial and heretofore referred to. Counsel will prepare more detailed findings of fact and conclusions of law in accordance with the views herein expressed and submit them to the Court for consideration.