**GEORGIA CASUALTY & SURETY COMPANY, Plaintiff-Appellant,**

v.

**Dorothy Marie KNOTT et al., Defendants-Appellees.**

No. 15942.

United States Court of Appeals Sixth Circuit.

June 9, 1965.

Thomas Crutchfield and William B. Luther, Chattanooga, Tenn., Cunningham, Crutchfield & Luther, Chattanooga, Tenn., on the brief, for appellant.

Pat B. Lynch, Winchester, Tenn., for appellees.

Lynch & Lynch, Winchester, Tenn., on the brief for appellees Knotts.

Joe S. Bean, Winchester, Tenn., on the brief for appellees Hardison.

Before CECIL, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

This is a suit for a declaratory judgment brought by plaintiff-appellant insurance company seeking to avoid any obligation to defend state court negligence actions against defendants. The state court actions resulted from a fatal

accident on September 9, 1962, while Elzie Knott, the father of the insured defendant, was driving. Plaintiff-appellant's claim for avoidance of liability was based upon the contentions 1) that the insurance policy was not in force on the date of the accident, and 2) that Elzie Knott was not driving the automobile with the "permission" of the insured, as required by the policy.

These issues of fact were tried with vigor before a United States District Judge sitting without a jury. The evidence was in direct conflict on both issues and strenuous efforts were made by the parties to impeach the credibility of the opposite party's witnesses.

On the two critical questions, Judge Neese found:

> First: "There was testimony from the defendant Knott and his wife, disputed by Mr. Martin, that the latter advised the Knotts when he issued the receipt to Miss Knott for the premium, that she was covered immediately; that '* * * the receipt is just as good as the policy.' While, as stated before, the credibility of many of the witnesses in this action is subject to question, the credibility of Mrs. Knott was not successfully attacked; and the Court is constrained to find as a fact that the insurance salesman, Mr. Martin, told the Knotts that their daughter was covered on issuance of the receipt."[1]

> Second: "When the aforesaid accident occurred at approximately 7:00 p. m., September 9, 1962, the defendant Elzie Knott was operating the automobile of his daughter and co-defendant, Dorothy Marie

Knott, with her consent and permission, as those terms are contemplated by the policy of liability insurance issued by the plaintiff to Miss Knott under date of September 10, 1962."[2]

As to both of these findings of fact, the record shows that the evidence is in substantial dispute. Indeed, on the second issue, from our review of this record, the Court is in some doubt about the trial judge's finding. But we are cognizant of the fact that he saw and heard the witnesses, as we did not. Their manner of testifying, their directness or hesitation, their certainty or doubt, their reaction to attempted impeachment was much more apparent to him than it can possibly be to us on review of a printed record.

This we believe is the logic behind the basic rule of appellate review in the federal courts, Rule 52(a) of the Federal Rule of Civil Procedure, which provides in part:

> "Findings of fact shall not be set aside unless clearly erroneous, and *due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.*" (Emphasis added.) Rule 52(a) Fed.R.Civ.P.

There is certainly evidence to support both findings of fact of the trial judge, and we cannot say that either is "clearly erroneous." Rule 52(a) Fed.R.Civ.P.; Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Carr v. American Universal Insurance Co., 341 F.2d 220 (C.A.6, 1965).

Affirmed.

---

1. In regard to this finding, it should be noted that applicable Tennessee law provides that binding insurance contracts of an interim nature can be effected orally. Heatherly v. Sun Insurance Office, 100 F.Supp. 376 (E.D.Tenn.1951); Dixon v. Pickle, 46 Tenn.App. 223, 327 S.W.2d 50 (1959). See also Commercial Standard Insurance v. Paul, 35 Tenn. App. 394, 245 S.W.2d 775 (1951); Moore v. New Amsterdam Casualty Insurance Co., 199 F.Supp. 941, 946 (E.D.Tenn. 1961).

2. We note that permissive use of an automobile may be found from direct evidence or by implication from the total circumstances. Carr v. American Universal Insurance Co., 341 F.2d 220 (C.A.6, 1965); Teague v. Tate, 213 Tenn. 269, 375 S.W. 2d 840 (1964).